IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSEPH MARCHESINI,<br><br>Defendant. | Criminal No. 4:18-cr-77<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

COMES NOW the United States of America, by its undersigned counsel, and provides the following memorandum for the sentencing in this matter.

## Table of Contents

I.   Introduction                                                                 1

II.  An Appropriate Sentence Considering the Advisory
     Guidelines and Section 3553(a)                                               2

III. Restitution                                                                  4

IV.  Conclusion                                                                   4

**I.   Introduction.**

On October 24, 2018, the Defendant pled guilty pursuant to a plea agreement to count 2 of the Indictment, distribution of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2). (ECF 23) Count 1 charging receipt of child pornography and count 3 charging possession of child pornography are to be dismissed pursuant to the plea agreement. Defendant has also agreed to the forfeiture of the contraband and the property used in the offense listed in the Indictment.

The Final Presentence Investigation Report (PSR) (ECF 33) calculates an advisory

guidelines range of 210 to 262 months' imprisonment, subject to a mandatory minimum of 5 years' imprisonment (PSR ¶¶ 102, 104). The issues for sentencing are: (1) an appropriate sentence considering the advisory guidelines range and factors under Title 18, United States Code, Section 3553(a); and (2) restitution.

**II.  An Appropriate Sentence Considering the Advisory Guidelines and Section 3553(a).**

The nature and circumstances of the offense are serious. 18 U.S.C. § 3553(a)(1). Defendant possessed, while not a comparatively large volume of child pornography, still a concerning collection based upon the type of images. (PSR ¶¶ 11, 18, 19). Defendant distributed some of these to another person via Skype. (PSR ¶ 24). Defendant distributed an image titled "fantasy gurl 6.jpg which depicted a child, sucking her thumb on a bed with her genitals exposed. *Id*. About this photo Defendant stated to the recipient, "look who I left on the bed for you [wink emoji]." He distributed an image titled "fantasy gurl 21.png" which depicted a child tied with a rope by her arms and legs, crying which image was also one in the cybertip. *Id*. About this image, Defendant said to the recipient, "there you go all tied up and ready for ya ped0 scott [wink emoji]" *Id*. Defendant distributed "fantasy gurl 4.jpg" which depicted a child posed on a chair on all fours with what appeared to be some kind of bondage. About this, Defendant said, "yummyyy". *Id*. The fourth image he distributed to this recipient was "fantasy gurl 18.jpg" which depicted a child lying on her back on a bed with her legs apart, and an adult male penis against her genitals. *Id*. The child is crying. *Id*. This is also a basis of a cybertip. Early in this troubling Skype exchange, Defendant makes clear he is going to give child pornography in exchange for same. *Id.* When asked if Defendant has "pictures," Defendant stated, "yea I got pix if you have some sorry as I said earnin trust works out better…." Further on in the communication, Defendant complains because the recipient is not commenting

sufficiently on the images to Defendant's satisfaction.  *Id.*  While Defendant complains that the application of various guidelines do not differentiate amongst defendants with varying degrees of culpability, this particular type of egregious exchange does not occur in the mine-run of cases.  Many cases involve a larger volume of pornography, but often not a specific distribution to a particular recipient in exchange for same in the course of disturbing commentary.  In the former, a two-level increase under USSG § 2G2.2 (b)(3)(F) is often applied.  Here, because of the Defendant's conduct in distributing child pornography to obtain child pornography a five-level increase is properly applied under USSG § 2G2.2(3)(A).  It should not now be mitigated by a variance on the basis that there is no difference between this and other defendants.

Defendant possessed a large quantity of videos (28) relatively speaking, which as Defendant notes in his brief, operated to drive the increase in quantity of images. (PSR ¶¶ 18, 19);  USSG § 2G2.2(b)(7).   Furthermore, the content is quite disturbing.   Defendant possessed and distributed prepubescent pornography.  (PSR ¶¶ 17, 18, 23).  Furthermore, these largely prepubescent images and videos depict horrific scenes of sexual assault upon victims.  *Id*.   The titles themselves refer to age and describe the deeply disturbing content, for example, "Tara 9yo.wmv" and the title "Preschool Baby Sluts".   (PSR ¶ 18).  It may be the case that rather than the guidelines "fail[ing] to differentiate among offenders in terms of their culpability", we have instead a concentration of limited law enforcement resources on the worst of the worst[1]—those distributing prepubescent child pornography involving sadistic, masochistic, violence or exploitation of an infant or toddler, over the internet where it may be made readily available to countless others exponentially re-victimizing the children depicted.  (*see* Br. 4).

---

[1] The 2007 *Gall* decision may also account for matters contained in the chart relied upon by Defendant.  *Gall v. United States*, 552 U.S. 38 (2007); (Br. 5).

As to Defendant's personal characteristics, Defendant completed high school and some college. (PSR ¶¶ 81-83). Defendant has worked at a number of jobs throughout his adult life. (PSR ¶¶ 85-92). Defendant has no substance abuse issues. (PSR ¶ 79). Defendant did have a significant circumstance in his teen years as also noted in his Brief . (PSR ¶ 60); (Br. at 7).

### III. Restitution.

This case is governed by law pre-existing the "Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018" (CPVAA), which amended 18 USC § 2259. In part, the CPVAA of 2018 establishes a mandatory minimum restitution amount for each victim of $3,000. However, the CPVAA of 2018 states that courts, in pre-existing cases, may consider the $3,000 minimum restitution amount, but are not bound by it. Defendant comments upon his ability to pay, but under Section 2259(b)(4)(B), the economic circumstances of a defendant may not be cause for declining to order restitution. Restitution in the amount of $3,000 for the identified child victim in the Jenny series is appropriate and comports with *Paroline v. United States*, 572 U.S. 434 (2014).

### IV. Conclusion

A sufficient sentence is needed to provide for adequate deterrence and to protect the public from further crimes of this Defendant. 18 U.S.C. § 3553(a)(2)(B) & (C). The sentence should "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2)(A). Such a sentence would provide adequate deterrence, protect the public, and "avoid unwarranted sentencing disparities." § 3553(a)(2), (6). In this case, considering the advisory sentencing guidelines and all of the Section 3553(a) factors, a sentence at the low end of the advisory sentencing range would be reasonable and appropriate. The Government also respectfully requests $3,000 in restitution for the identified

victim from the Jenny Series.

                                            Marc Krickbaum
                                            United States Attorney

By:    */s/ D. Scorpiniti*
            Debra L. Scorpiniti
            Assistant United States Attorney
            110 East Court Avenue, Suite 286
            Des Moines, IA 50309
            Tel: 515.473.9300
            Fax: 515.473.9292
            Email: debra.scorpiniti@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on March 1, 2019, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.
I hereby certify that a copy of this document Was served on the parties of attorneys of record by:
\_\_\_ U.S. Mail   \_\_\_ Fax   \_\_\_Hand Delivery

 x  ECF/Electronic Filing   \_\_\_\_ Other means

UNITED STATES ATTORNEY
BY: */s/ D Scorpiniti*